IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JASON MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEAFOOD JUNCTION, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JASON MORRIS ("MORRIS"), by and through his attorneys, Vaziri Law LLC, and in complaining of the Defendant, SEAFOOD JUNCTION, INC. ("SEAFOOD"), states as follows:

### NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act ("F.L.S.A"), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the F.L.S.A, 29 U.S.C. §§ 206, 207.

3. Jurisdiction for the supplemental Illinois state law claim arises pursuant to 28 U.S.C. § 1367.

4. Venue lies in the Northern District of Illinois as Plaintiff is resident of this district and Defendants are engaged in business in this district.

### PARTIES

5. MORRIS was at all relevant times an employee of the Defendant.

6. MORRIS was, at all relevant times, a resident of Bellwood, Cook County, Illinois.

7. The Defendant is, and was at all relevant times, a corporation duly organized under the laws of the state of Illinois doing business throughout Cook County, Illinois.

## FACTS

8. At all relevant times to this action, MORRIS was an employee of the Defendant, SEAFOOD.

9. At all relevant times to this action, SEAFOOD was an employer of the Plaintiff, MORRIS, as defined by the F.L.S.A., 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

10. At all relevant times to this action, SEAFOOD was a corporation organized under the laws of the state of Illinois doing business throughout Cook County, Illinois.

11. At all relevant times prior to July 1, 2015, the minimum wage for a non-tipped employee working in the city of Chicago was $8.25 per hour.

12. At all relevant times including and beyond July 1, 2015, the minimum wage for a non-tipped employee working in the city of Chicago increased to $10.00 per hour.

**Period 1 (September 1, 2014 to September 30, 2014)**

13. On or around September 1, 2014, the Defendant hired MORRIS at its 5300 W. Madison St. location in Chicago, Illinois.

14. MORRIS worked as a "kitchen prep" at this location for about one (1) month.

15. During this period, MORRIS worked Mondays through Thursdays from 10:00 a.m. to 9:00 p.m.

16. During this period, MORRIS worked on Fridays and Saturdays from 10:00 a.m. to 10:00 p.m.

17. During this period, MORRIS worked on Sundays from 11:00 a.m. to 9:00 p.m.

18. During this period, Defendant paid MORRIS $80.00 per day regardless of the number of hours he worked that day.

**Period 2 (October 1, 2014 to November 30, 2014)**

19. On or around October 1, 2014 to November 30, 2014, the Defendant employed MORRIS at its 5300 W. Madison St. location in Chicago, Illinois.

20. MORRIS worked as a "kitchen prep" at this location for about two (2) months.

21. During this period, MORRIS worked Tuesdays through Thursdays from 10:00 a.m. to 9:00 p.m.

22. During this period, MORRIS worked on Fridays and Saturdays from 10:00 a.m. to 10:00 p.m.

23. During this period, MORRIS worked on Sundays from 11:00 a.m. to 9:00 p.m.

24. During this period, Defendant paid MORRIS $80.00 per day regardless of the number of hours he worked that day.

**Period 3 (December 1, 2014 to May 31, 2015)**

25. On or around December 1, 2014 to May 31, 2015, the Defendant employed MORRIS at its 5300 W. Madison St. location in Chicago, Illinois.

26. MORRIS worked as a "line cook" at this location for about six (6) months.

27. During this period, MORRIS worked Tuesdays through Thursdays from 10:00 a.m. to 9:00 p.m.

28. During this period, MORRIS worked on Fridays and Saturdays from 10:00 a.m. to 10:00 p.m.

29. During this period, MORRIS worked on Sundays from 11:00 a.m. to 9:00 p.m.

30. During this period, MORRIS worked one (1) Monday per month from 10:00 a.m. to 9:00 p.m.

31. During this period, Defendant paid MORRIS $100.00 per day regardless of the number of hours he worked that day.

**Period 4 (June 1, 2015 to September 30, 2015)**

32. On or around June 1, 2015 to September 30, 2015, the Defendant employed MORRIS at its 5300 W. Madison St. location in Chicago, Illinois.

33. MORRIS worked as a "line cook" as this location for about four (4) months.

34. During this period, MORRIS worked Tuesdays through Thursdays from 10:00 a.m. to 9:00 p.m.

35. During this period, MORRIS worked on Fridays and Saturdays from 10:00 a.m. to 10:00 p.m.

36. During this period, MORRIS worked on Sundays from 11:00 a.m. to 9:00 p.m.

37. During this period, MORRIS worked one (1) Monday per month from 10:00 a.m. to 9:00 p.m.

38. During this period, Defendant paid MORRIS $110.00 per day regardless of the number of hours he worked that day.

**Period 5 (October 1, 2015 to October 25, 2015)**

39. On or around October 1, 2015 to October 25, 2015, the Defendant employed MORRIS at its 442 N. Mannheim Rd. location in Hillside, Illinois.

40. MORRIS worked as a "line cook/kitchen prep" at this location for about three (3) weeks.

41. During this period, MORRIS worked Tuesdays through Thursdays from 10:00 a.m. to 9:00 p.m.

42. During this period, MORRIS worked on Fridays and Saturdays from 10:00 a.m. to 10:00 p.m.

43. During this period, MORRIS worked on Sundays from 11:00 a.m. to 9:00 p.m.

44. During this period, MORRIS worked on one (1) Monday per month from 10:00 a.m. to 9:00 p.m.

45. During this period, Defendant paid MORRIS $100.00 per day regardless of the number of hours he worked that day.

**Period 6 (October 26, 2015 to December 20, 2015)**

46. On or around October 25, 2015 to December 20, 2015, the Defendant employed MORRIS at its 1317 E. 87th St. location in Chicago, Illinois.

47. MORRIS worked as a "line cook/kitchen prep" at this location for about two (2) months.

48. During this period, MORRIS worked Sundays through Thursdays from 11:00 a.m. to 9:00 p.m.

49. During this period, MORRIS worked on Fridays and Saturdays from 11:00 a.m. to 9:30 p.m.

50. During this period, Defendant paid MORRIS $100.00 cash per day regardless of the number of hours he worked that day.

**Period 7 (December 21, 2015 to February 12, 2016)**

51. On or around December 21, 2015 to February 12, 2016, the Defendant employed MORRIS at its 1317 E. 87th St. location in Chicago, Illinois.

52. MORRIS worked as a "line cook/kitchen prep" at this location for about eight (8) weeks.

53. During this period, MORRIS worked Sundays through Thursdays from 11:00 a.m. to 9:00 p.m.

54. During this period, Defendant paid MORRIS $110.00 cash per day regardless of the number of hours he worked that day.

## STATUTORY VIOLATIONS

55. Pursuant to the F.L.S.A, 29 U.S.C. § 216(b), Count I of this action is maintained by MORRIS against Defendant to recover unpaid wages due to the Defendant's failure to properly compensate MORRIS at the necessary minimum wage constituting a violation of 29 U.S.C. § 206.

56. Pursuant to the F.L.S.A., 29 U.S.C. § 216(b), Count II of this action is maintained by MORRIS against Defendant to recover unpaid wages due to the Defendant's failure to properly compensate MORRIS for overtime worked above and beyond forty (40) hours in one workweek, constituting a violation of 29 U.S.C. § 207.

57. Pursuant to Illinois Minimum Wage Law, 820 ILCS § 105/12, *et seq.*, Count III of this action is maintained by MORRIS against Defendant to recover unpaid wages due to the Defendant's failure to properly compensate MORRIS at the necessary minimum wage, constituting a violation of 820 ILCS § 105/4.

58. Pursuant to Illinois Minimum Wage Law, 820 ILCS § 105/12, *et seq.*, Count IV of this action is maintained by MORRIS against Defendant to recover unpaid wages due to the Defendant's failure to properly compensate MORRIS for overtime worked above and beyond forty (40) hours in one workweek constituting a violation of 820 ILCS §105/4a.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 206

59. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 58 as though fully alleged herein.

60. Pursuant to the F.L.S.A, 29 U.S.C. § 206, Plaintiff is entitled to compensation at a rate of the applicable minimum wage.

Wherefore, the Plaintiff, JASON MORRIS, prays for judgment against the Defendant, SEAFOOD JUNCTION, INC. awarding the following:

(a) back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Compliant, according to the applicable statute of limitations;

(b) an additional equal amount of unpaid compensation as liquidated damages;

(c) Plaintiff reasonable attorney's fees and costs incurred as a result of Defendant's violation of the F.L.S.A; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 207

61. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 58 as though fully alleged herein.

62. Pursuant to the F.L.S.A, 29 U.S.C. § 207, Plaintiff is entitled to compensation at the rate of one and one-half the regular hourly wage rate for hours worked over forty (40) in a workweek.

WHEREFORE, the Plaintiff, JASON MORRIS, prays for judgment against the Defendant, SEAFOOD JUNCTION, INC. awarding the following:

(a) back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Compliant, according to the applicable statute of limitations;

(b) an additional equal amount of unpaid compensation as liquidated damages;

(c) Plaintiff reasonable attorney's fees and costs incurred as a result of Defendant's violation of the F.L.S.A; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/4**

63. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 58 as though fully alleged herein.

64. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq*.

65. Pursuant to the Illinois Minimum Wage Law 820 ILCS § 105/4, Plaintiff is entitled to compensation at a rate of the applicable minimum wage.

66. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due to an employee under the law shall be liable to the underpaid employee for the unpaid wages and for

punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

WHEREFORE, the Plaintiff, JASON MORRIS, prays for judgment against the Defendant, SEAFOOD JUNCTION, INC., awarding the following:

(a) back pay in the amount of unpaid minimum wages of all hours worked by Plaintiff;

(b) damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

(c) all other civil remedies available under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/4a

67. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 58 as though fully alleged herein.

68. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq.*

69. Pursuant to the Illinois Minimum Wage Law 820 ILCS § 105/4a, Plaintiff is entitled to compensation at the rate of one and one-half the regular hourly wage rate for hours worked over forty (40) in a workweek.

70. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due to an employee under the law shall be liable to the underpaid employee for the unpaid wages and for

punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

WHEREFORE, the Plaintiff, JASON MORRIS, prays for judgment against the Defendant, SEAFOOD, awarding the following:

(a) awarding back pay in the amount of one and one-half times hourly minimum wage rate for all hours which Plaintiff worked in excess of forty (40) hours per workweek;

(b) damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

(c) all other civil remedies available under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Pasha Vaziri

Pasha Vaziri
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
(312) 690-2610
pvaziri@vazirilawllc.com