IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON MORRIS, et al., ) | |
| ) | |
| ) | Case No. 2016-cv-7002 |
| Plaintiffs, ) | |
| ) | Honorable Thomas M. Durkin |
| v. ) | |
| ) | |
| SEAFOOD JUNCTION, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Jason Morris ("Plaintiff Morris") and Defendants Seafood Junction, Inc., Seafood Junction #3, Inc., Seafood Junction #4, Inc., Layla 08, Inc., Four Brothers 1, Inc., Eyad Alhjouj, Mohammad Jalab, and Iman Abdelghani (collectively referred to as the "Parties"), through the undersigned counsel, seek approval of their settlement in this action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona* fide dispute between the Parties. In support of their motion the Parties state as follows:

1. On March 31, 2017, Plaintiff Morris filed action by asserting claims against Defendants pursuant to the FLSA and the Illinois Minimum Wage Act.

2. Plaintiff Morris asserts, among other things, that he is entitled to minimum wage and overtime compensation based on hours allegedly worked for Defendant Seafood Junction, Inc., which is a dissolved corporation that ceased doing business. He also asserts claims for minimum wages and overtime based on work allegedly performed for Defendants Seafood Junction #3, Inc. and Seafood Junction #4, Inc.

1

3. Following settlement discussions and an agreement to attempt to resolve their claims with the assistance of Magistrate Judge Rowland, Plaintiff Morris and the Defendants reached a settlement of her claims based on arms-length discussions.

4. Plaintiff Morris alleged that he was denied some or all of the overtime compensation that he claims to have earned during several short stints of employment by three of the Defendants in this case. Plaintiff Morris has access to his pay records and is aware of the hours that he claims to have worked during the time periods at issue. Accordingly, he has sufficient information available to evaluate the value of his claims. The Parties have reached a resolution of Plaintiff's claims for $6,625.00, plus an equal amount of liquidated damages. The Parties separately negotiated a payment of attorneys' fees to Plaintiff Morris' counsel. Plaintiff has attested by way of declaration that this amount exceeds the value of the unpaid overtime and liquidated damages that he might recover in this action under the circumstances. A copy of his declaration is attached as Exhibit 1.

5. Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the Parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, the Parties request that this Court review their Settlement Agreement and General Release and approve the same. A copy of the Settlement Agreement and General Release is attached as Exhibit 2.

6. The settlement was the product of arm's-length negotiations by the Parties. It provides immediate relief to Plaintiff Morris and eliminates the inherent risks both sides would

bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

7. Should this matter have continued, the Parties would have conducted discovery, and potentially filed dispositive motions on at least the following issues: (1) whether Plaintiff was paid for all hours worked; (2) whether Plaintiff actually worked the hours that he alleged in the complaint; (3) whether Plaintiff had a basis to be paid compensation based on hours worked for the now-defunct Seafood Junction, Inc. entity; and (4) whether Defendants willfully violated the FLSA.

8. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.

9. For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

10. The Parties request that this Court dismiss this lawsuit with prejudice.

11. The Parties will submit a Joint Proposed Order for the Court's consideration.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and General Release and dismiss this lawsuit with prejudice with each party to bear their own fees and costs in accordance with the Settlement Agreement.

Dated:  August 30, 2017  Respectfully submitted,

/s/  Pasha Vaziri
Pasha Vaziri
Vaziri Law, LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
pvaziri@vazirilaw.com
(312) 690-2610

*Attorney for Plaintiff Jason Morris*


/s/ *Peter J. Gillespie*
Peter J. Gillespie
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, IL 60654
pgillespie@lanermuchin.com
(312) 467-9800

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Peter J. Gillespie, an attorney, hereby certify that on August 30, 2017, I caused to be served a copy of the foregoing **Joint Motion for Approval of Settlement Agreement**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Pasha Vaziri
> Vaziri Law LLC
> 111 W. Washington St., Suite 1500
> Chicago, IL 60602
> (312)690-2610
> pvaziri@vazirilawllc.com

A copy of the foregoing has also been served via U.S. First Class Mail and email to:

> Sarita Norman
> 42 N. Menard, Apt. 3A
> Chicago, IL 60644
> saritanorman@gmail.com

> /s/ *Peter J. Gillespie*
> Peter J. Gillespie

5